UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRENT BUCHHOLZ,

    Plaintiff,

v.                                                          Case No.:  2:25-cv-329-SPC-KCD

YANIVIS PEREZ, individually,
MEGAN NOEL, individually,
LESLIE WEIDENHAMMER,
individually,
RYAN GREENO, individually,
ANTHONY WILSON, individually,
and
JANE DOE 1,

    Defendants.

## OPINION AND ORDER

Before the Court are Defendants Megan Noel and Leslie Weidenhammer's Motion to Dismiss (Doc. 17) and Defendant Anthony Wilson's Motion to Dismiss[1] (Doc. 21).  Plaintiff Brent Buchholz opposes both motions. (Docs. 23, 24).  The Court grants both motions to dismiss for the following reasons.

---

[1] Defendant Wilson apparently copied and pasted the title from his codefendants' motion, so his motion, too, is titled "Defendants Noel and Weidenhammer's Motion to Dismiss." (Doc. 21).  The Court refers to the motion with the correct defendant's name in this Order.

## Background[2]

Plaintiff reported to the Collier County Sheriff's Office ("CCSO") that he was the target of unlawful surveillance. Officer Noel received Plaintiff's reports and had "mental health concerns" about him, so she spoke to Officer Weidenhammer about conducting welfare checks on Plaintiff. (Doc. 4 ¶ 14). Officer Noel wrote in an email, "[i]n doing some research, it appears he is a veteran and may need some additional assistance." (*Id.*). Plaintiff alleges that Officers Noel and Weidenhammer directed Officer Perez "to make contact with Plaintiff to conduct a welfare check so that the 'additional assistance' in the form of a Baker Act could occur." (*Id.* ¶ 16).

In April 2024, Officer Perez and Officer Doe went to Plaintiff's residence and spoke to his family. Then they conducted a welfare check on Plaintiff at a Costco parking lot. Officers Greeno and Wilson joined them. Allegedly, the officers did not observe Plaintiff experiencing a medical emergency. Plaintiff did not indicate that he wanted to hurt himself or others. He did not appear malnourished, unable to provide for his own activities of daily living, to be hallucinating or suffering from a psychotic episode, or otherwise suffering from neglect. Nevertheless, Officer Perez took Plaintiff into custody under the

---

[2] The Court "accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to" Plaintiff. *Belanger v. Salvation Army*, 556 F.3d 1153, 1155 (11th Cir. 2009).

Baker Act. She completed the Report of Law Enforcement Officer Initiating Involuntary Examination ("CF-MH 3052A"; Doc. 4-1).

According to Plaintiff, the officers lacked probable cause to deprive him of his liberty. So he filed this civil rights action against the officers in their individual capacity. (Doc. 4). He brings six claims under 42 U.S.C. § 1983 for unlawful detainment in violation of the Fourth and Fourteenth Amendments against Officer Perez (Count I), Officer Noel (Count II), Officer Weidenhammer (Count III), Officer Greeno (Count IV), Officer Wilson (Count V), and Officer Doe (Count VI).

**Legal Standard**

To survive a Federal Rule of Civil Procedure 12(b)(6) motion, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Bare "labels and conclusions, and a formulaic recitation of the elements of a cause of action," do not suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See id.* at 570. A claim is facially plausible when a court can draw a reasonable inference, based on the facts pled, that the opposing party is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a

defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)).

Rule 12(b)(6) is read alongside Federal Rule of Civil Procedure 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1368–69 (11th Cir. 1997). The rule is not designed to strike inartistic pleadings or provide a more definite statement to answer an apparent ambiguity, and the analysis of a Rule 12(b)(6) motion is limited primarily to the face of the complaint and its attachments. *Id.* (citing 5 Charles A. Wright & Arthur Miller, *Federal Practice and Procedure* § 1356 at 590–92 (1969) (Wright & Miller)).

## Analysis

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV. The Fourth Amendment's prohibition against unreasonable searches and seizures applies to civil as well as criminal investigations. *Lenz v. Winburn*, 51 F.3d 1540, 1548 n.7 (11th Cir. 1995).

In Florida, the Baker Act sets forth the standards for an involuntary examination. *See* Fla. Stat. § 394.463. The Baker Act allows an authorized person, such as a police officer, physician, or physician assistant, "to initiate

4

an involuntary examination of an individual whom the officer [or physician] believes may have a mental illness, is substantially likely to cause serious bodily harm to [herself] or others, and refuses a voluntary examination or is unable to understand the need for an examination." *King v. Lee Cnty.*, No. 2:24-CV-375-JLB-KCD, 2025 WL 676224, at *6 (M.D. Fla. Mar. 3, 2025) (alterations in original) (quoting *Crane v. Lifemark Hosps., Inc.*, 898 F.3d 1130, 1133 n.1 (11th Cir. 2018)).

In the Eleventh Circuit, "[t]o establish § 1983 liability, a plaintiff must show 'proof of an affirmative causal connection' between a government actor's acts or omissions and the alleged constitutional violation, which 'may be established by proving that the official was personally involved in the acts that resulted in the constitutional deprivation.'" *Brown v. City of Huntsville, Ala.*, 608 F.3d 724, 737 (11th Cir. 2010) (quoting *Zatler v. Wainwright,* 802 F.2d 397, 401 (11th Cir. 1986)). "Merely being present with the arresting officers at the scene is not enough, unless the plaintiff can show that the defendant officer was part of the chain of command authorizing the arrest action." *Id.*

First, the claims against Officers Noel and Weidenhammer. Plaintiff alleges:

> 14. On March 29, 2024, Defendant NOEL having spoken to another officer of the CCSO regarding his "mental health concerns" of the Plaintiff after receiving Plaintiff's reports, spoke to Defendant WEIDENHAMMER about conducting welfare checks on Plaintiff, and stated in an email "In

5

> doing some research, it appears he is a veteran and may need some additional assistance."
>
> 16. Defendants NOEL and WEIDENHAMMER acted in concert with one another, and in concert with Defendant PEREZ directing her to make contact with Plaintiff to conduct a welfare check so that the "additional assistance" in the form of a Baker Act could occur.

(Doc. 4 ¶¶ 14, 16; Doc. 17 at 6; Doc. 23 at 3). These allegations are insufficient to state a Fourth Amendment claim. Plaintiff does not allege that either officer was present at the scene of Plaintiff's seizure. And even if he had, that is not enough to establish a causal connection unless he can demonstrate "that the defendant officer was part of the chain of command authorizing the arrest action." *Brown*, 608 F. 3d at 736–37. Plaintiff does not do so. The Court agrees with Defendants that "[a]t worst, Plaintiff's allegations against [them] suggest that their intention was to conduct a welfare check on the Plaintiff which of course . . . would not implicate the Fourth Amendment." (Doc. 17 at 6).

To the extent Plaintiff argues that the alleged "additional assistance" was detention under the Baker Act, his allegation lacks factual support. (Doc. 23 at 4). The logical inference that Plaintiff makes—that additional assistance necessarily means detention under the Baker Act—is too great for the Court to make, even at the Rule 12 stage of this litigation. There is also no factual support for Plaintiff's argument that Officers Noel and Weidenhammer were part of the chain of command authorizing Plaintiff's detention. (*Id.*). All Plaintiff alleges is that the two officers were concerned about Plaintiff's mental

health, thought he might need additional assistance, and directed Officer Perez to make contact to conduct a welfare check. (Doc. 4 ¶¶ 14, 16). With the facts alleged, to assume more is a bridge too far. Thus, the Court dismisses the claims against Officers Noel and Weidenhammer.

The claim against Officer Wilson fares no better. Plaintiff alleges that Officer Wilson, along with Officer Greeno, met Officer Perez at Costco to conduct the welfare check. (Doc. 4 ¶ 21). Plaintiff does not specifically allege any personal participation by Officer Wilson in Plaintiff's seizure. He does not allege that Officer Wilson decided to detain Plaintiff or that he was part of the chain of command authorizing the detention. All he alleges is that Officer Wilson was at the scene when he was detained. (*Id.*). This is not enough. *See Brown*, 608 F.3d at 731, 736.

In his response, Plaintiff argues that the body camera footage shows that Officer Wilson physically detained Plaintiff.[3] (Doc. 24 at 4 (citing Doc. 4 ¶ 58)). This argument also fails. In *Brown*, while Officer Anderson pulled the plaintiff out of the vehicle, placed her face-down on the ground, and handcuffed her, the Eleventh Circuit held that Anderson could not be liable for false arrest because Anderson did not make the decision to arrest the plaintiff and the plaintiff

---

[3] Plaintiff states that the body camera footage is not included in the Amended Complaint. (Doc. 24 at 4). The Court does not have any body camera footage and therefore considers none.

failed to identify conduct that would support a false arrest claim. *Brown*, 608 F.3d at 731, 736.

The same reasoning applies to Officer Wilson. Officer Perez, not Officer Wilson, allegedly made the decision to detain Plaintiff. (Doc. 4 ¶ 35). Whatever assistance Officer Wilson rendered to Officer Perez during the detainment does not support an unlawful detainment claim under § 1983. *See Slade v. Forehand*, No. 3:16-CV-59-RV-MJF, 2019 WL 1430401, at *9 (N.D. Fla. Feb. 28, 2019) (recommending granting summary judgment on unlawful arrest claim under § 1983 where officer did not make decision to arrest plaintiff but may have rendered some assistance in the arrest), *report and recommendation adopted*, No. 3:16-CV-59-RV/MJF, 2019 WL 1434581 (N.D. Fla. Mar. 29, 2019). Thus, the Court dismisses the claim against Officer Wilson.

Accordingly, it is now:

**ORDERED:**

1. Defendants Megan Noel and Leslie Weidenhammer's Motion to Dismiss (Doc. 17) is **GRANTED**.

2. Defendant Anthony Wilson's Motion to Dismiss (Doc. 21) is **GRANTED**.

3. Counts II, III, and V of Plaintiff's Amended Complaint (Doc. 4) are **DISMISSED without prejudice**.

**DONE and ORDERED** in Fort Myers, Florida on June 20, 2025.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

9